UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

BRANDON HONEYCUTT,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 16-263-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Inmate Brandon Honeycutt has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 5] and has paid the filing fee [R. 7]. The Court conducts an initial review of Honeycutt's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

In early 2006, Honeycutt committed a long string of separate burglaries prior to his arrest. As a result, Honeycutt was convicted in Carter County, Tennessee of numerous counts of Aggravated Burglary, a violation of Tenn. Code. Ann. § 39-14-403, and on July 2, 2007 he was sentenced to 10 years imprisonment.

Following his release on parole, in September 2010 state probation officers found a semi-automatic pistol in his home. A federal grand jury in Greeneville, Tennessee therefore issued an indictment charging Honeycutt with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Honeycutt agreed to plead guilty to the sole count in the indictment. The presentence investigation report indicated that Honeycutt had committed 49 criminal offenses during a three-year span prior to his federal offense, many of them also consisting of burglaries, auto burglaries, and aggravated burglaries. Because Honeycutt had three or more prior convictions

for violent felonies or serious drug offenses, in October 2011 the trial court sentenced Honeycutt to the 180-month minimum term of imprisonment mandated by 18 U.S.C. § 924(e)(1). That sentence was ordered to run concurrently with two recently-imposed sentences from the State of Tennessee. *United States v. Honeycutt*, No. 2: 10-CR-125-JRG (E.D. Tenn. 2010).

Honeycutt did not appeal. However, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in which he alleged that his counsel provided ineffective assistance. In particular, he alleged that counsel did not file an appeal on his behalf as requested, an allegation defense counsel conceded was true in an affidavit. In December 2013, the trial court therefore granted the motion and reimposed the same sentence so that Honeycutt could file a timely appeal.

In December 2013 Honeycutt, through newly-appointed counsel, appealed his conviction and sentence. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), indicating that at best Honeycutt might have an arguable claim that his prior Tennessee burglary convictions did not qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B) because they did not involve generic burglary. The Sixth Circuit disagreed, finding that no less than eight of Honeycutt's prior burglaries qualified as predicate offenses. Specifically, his two prior convictions for aggravated burglary of a residence under Tenn. Code. Ann. § 39-14-403 qualified as violent felonies under the categorical approach. Because the general burglary statute found in Tenn. Code. Ann. § 39-14-402 was broader than the generic definition of burglary, the Sixth Circuit applied the modified categorical approach and considered *Shepard* materials[1] to conclude that four of Honeycutt's prior convictions for burglary actually involved burglary of a building, and hence qualified as violent felonies. *United States v. Honeycutt*, No. 13-6577 (6th Cir. Sept. 12, 2014).

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

In April 2016, Honeycutt filed an initial § 2255 motion seeking relief from the judgment reimposed in December 2013, challenging the application of the career offender enhancement to his sentence under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). While that motion was pending, the Supreme Court issued its decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), but Honeycutt made no effort amend his pending § 2255 motion to assert a *Mathis* claim. Four months later in October 2016 the trial court denied his § 2255 motion. The court noted that *Johnson's* invalidation of Section 924(e)(2)(B)'s "residual" clause left intact the "enumerated offenses" clause under which Honeycutt's sentence was enhanced, and that even after *Johnson* Honeycutt's convictions for burglary still qualified as violent felonies. *Honeycutt v. United States*, 2016 WL 5819360, at *3 (E.D. Tenn. Oct. 5, 2016) (citing *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (confirming post-*Johnson* that Tennessee third-degree burglary constitutes a violent felony under the categorical approach) and *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that Tennessee second-degree burglary constitutes a violent felony under the categorical approach)).

In his initial handwritten petition in this Court, Honeycutt asserts without explanation that *Mathis* and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) rendered his prior Tennessee burglary convictions no longer qualifying predicate offenses to support the career offender enhancement, and that *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016) permits him to assert this claim in a § 2241 petition. [R. 1] Honeycutt filed an amended petition [R. 5] as required by prior Order of the Court, but it does nothing to clarify or expand upon the basis for his claims.

Honeycutt may not assert his claims under *Descamps* or *Mathis* in this § 2241 proceeding because both decisions were issued before his conviction became final and while his initial § 2255 motion challenging the judgment reimposed in 2013 remained pending. 28 U.S.C. § 2255(e) only

3

permits a federal prisoner to challenge his conviction in a § 2241 petition on a particular ground if a motion under § 2255 is structurally ineffective to raise it. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Here, *Descamps* was decided six months *before* the judgment in Honeycutt's case was entered in December 2013. Likewise, *Mathis* was decided while his § 2255 motion remained pending before the trial court. Honeycutt was therefore required to raise any arguments or claims based upon those decisions before final judgment was entered, on direct appeal, or in his initial § 2255 motion. His failure to do any of the above does not entitle him to relief under § 2241. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

In addition, for a claim asserted under a newly-announced interpretation of a federal statute by the Supreme Court to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017).

Finally, the decidedly-narrow scope of relief under Section 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a Section 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the

4

Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. Honeycutt's claim fails to satisfy the threshold requirement of *Hill* because he was sentenced in 2013, nearly a decade after *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. He was also not foreclosed from asserting his *Mathis* claim in his initial § 2255 motion by way of amendment. Honeycutt's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim therefore does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462. His petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Honeycutt's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated October 3, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY